
**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE LUNA PIER LAND DEVELOPMENT,
LLC,

       Debtor,

NABIH QASSIS & JULIET QASSIS,

       Plaintiffs-Appellees,

Case No. 03-CV-70830-DT

v.

REPUBLIC BANK,

       Defendant-Appellant.
                                                             /

**ORDER DENYING PLAINTIFFS-APPELLEES'
"REVISED MOTION FOR CERTIFICATION OF ORDER AS FINAL"**

Pending before the court is Plaintiffs-Appellees' "Revised Motion for Certification of Order as Final," filed on October 11, 2005. An objection was filed by Republic Bank on October 25, 2005. Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). In their motion, Plaintiffs ask the court to enter an order declaring the court's February 12, 2004 order final under Federal Rule of Civil Procedure 54(b). The court already ruled on this issue in its May 3, 2004 "Order Denying Plaintiffs-Appellees' 'Motion for Certification of Order as Final.'" (*See* 5/03/05 Order.) The motion will therefore be denied.

**I. BACKGROUND**

On February 27, 2003, pursuant to 28 U.S.C. § 158, Plaintiffs filed a "Notice of Appeal," seeking review of the bankruptcy court's January 28, 2003 "Opinion and Order

Denying Republic Bank's Motion for Summary Judgment and Granting Nabih and Juliet Qassis's Motion for Summary Judgment" and its February 20, 2003 "Order Denying Motion for Reconsideration."  This bankruptcy appeal was resolved by the court's February 12, 2004 order (affirming in part and reversing in part the bankruptcy court's January 28, 2003 order).  Plaintiffs filed a motion on April 8, 2004, in which they asked the court to certify that at least a portion of the court's February 12, 2004 order was a final, appealable judgment pursuant to Federal Rule of Civil Procedure 54(b).  The court denied the motion on May 3, 2004.  Specifically, the court found that its "February 12 order did not fully resolve all claims or issues for any of the parties involved."  (5/03/04 Order at 5.)

The case then proceeded in the bankruptcy court.  On May 23, 2005, the bankruptcy court issued an order which apparently resolved the remaining issues pending before the bankruptcy court.  No appeal has been filed in this court of the bankruptcy court's May 23, 2005 order.

Instead, Plaintiffs appealed this court's February 12, 2004 order and May 3, 2004 order to the United States Court of Appeals for the Sixth Circuit on June 24, 2005.  On September 26, 2005, the Sixth Circuit issued an order dismissing the appeal for lack of jurisdiction.  The Sixth Circuit determined that the "February 12, 2004, order is not a final, appealable ruling." *In re Luna Pier Land Development, L.L.C.,* Nos. 05-1916/1965 (9/26/05 Order at 1.) The Sixth Circuit went on to explain that "the May 23, 2005, decision of the bankruptcy court is appealable to the district court pursuant to 28 U.S.C. § 158(a).  Decisions of the bankruptcy court, however, are not appealable [directly to the Sixth Circuit]." *Id.* at 1-2.

After the Sixth Circuit dismissed their appeal, Plaintiffs filed the instant motion, requesting that the court enter an order pursuant to Federal Rule of Civil Procedure 54(b).

## II.  DISCUSSION

In their one-page motion, Plaintiffs ask that the court "enter its order pursuant to F.R.C.P. 54(b) to declare its Judgment final."  Presumably, Plaintiffs believe that a purely formalistic order of judgment will transform the otherwise nonappealable February 12, 2004 order into a final, appealable order.  This is simply not so.

As this court originally held in its May 3, 2004 order, the court's February 12, 2004 order is not appealable because it resolved only part, but not all, of Plaintiff's mortgage priority claim.  (5/03/04 Order at 3.)  The Sixth Circuit affirmed this holding and explained in its September 26, 2005 Order that while Plaintiff cannot appeal the February 12, 2004 Order, the May 23, 2005 order of the bankruptcy court is appealable. *In re Luna Pier Land Development, L.L.C.,* Nos. 05-1916/1965 (9/26/05 Order at 2.) Plaintiff, however, cannot accomplish an appeal by simply filing a motion in this case to certify the case for appeal.  The bankruptcy court's order first must be appealed to this court by following the relevant court rules.[1]  (*Id.* at 2-3.)  After the appeal is decided in this court, it may be appealed to the Sixth Circuit.  Indeed, this court also alluded to this procedure in its May 3, 2004 order.  (5/03/04 Order at 7 ("Once the lower court resolves

---

[1]The appeal would be filed in the clerk's office of the United States District Court for the Eastern District of Michigan, thus initiating a new district court case.  The appeal would not simply be filed directly in this case.

3

the remaining issues surrounding the priority of Plaintiffs' mortgage, *the entire claim will be finally determined and more ripe for appellate review*.") (emphasis added).)

To date, no appeal from the May 3, 2005 order has been filed.  Plaintiff's appeal having been dismissed by the Sixth Circuit, there is nothing further for the parties or the court to do in this case.

### IV.  CONCLUSION

IT IS ORDERED that Plaintiffs' "Revised Motion for Certification of Order as Final," [Dkt. # 30] is DENIED.


      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  November 2, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2005, by electronic and/or ordinary mail.


      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522